1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

JASON HU,

                Plaintiff,

       v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

                Defendant.

Case No. 17-CV-04098-LHK

**ORDER SUA SPONTE REMANDING
CASE AND DENYING AS MOOT
MOTION TO DISMISS**

18

19

20

21

22

23

24

25

26

      Plaintiff Jason Hu ("Plaintiff"), proceeding *pro se*, brings an action for violation of Cal.

Ins. Code § 10277(b) against The Guardian Life Insurance Company of America ("Defendant").

ECF No. 1-1 at 3–7. Before the Court is Defendant's motion to dismiss. ECF No. 6. The Court

finds this matter suitable for decision without oral argument under Civil Local Rule 7-1(b) and

hereby VACATES the motion hearing set for November 2, 2017 at 1:30 p.m. and the case

management conference set for November 22, 2017 at 2:00 p.m. Having considered the

submissions of the parties, the relevant law, and the record in this case, the Court hereby ORDERS

that this case be remanded to Santa Clara County Superior Court for lack of subject matter

jurisdiction. Accordingly, the Court DENIES as moot Defendant's motion to dismiss.

27

**I.      BACKGROUND**

28

1    On June 20, 2017, Plaintiff filed a Claim and Order to Go to Small Claims Court

2  ("Complaint") against Defendant in Santa Clara County Superior Court.  ECF No. 1-1 at 3–7.

3  Plaintiff alleged that Defendant violated Cal. Ins. Code § 10277(b) by failing to give Plaintiff

4  advance notice that under Plaintiff's group health insurance policy issued by Defendant, coverage

5  of Plaintiff's dependent son would be terminated on May 30, 2016.  *Id.* at 4.  Plaintiff sought

6  $1525.00—the "doctor's bill" for two claims—in damages.  *Id.*

7    Defendant timely removed this case to federal court on July 20, 2017.[1]  ECF No. 1

8  ("Notice of Removal").  Then, on July 26, 2017, Defendant filed the instant motion to dismiss.

9  ECF No. 6.  Plaintiff failed to timely file a consent or declination to proceed before a magistrate

10  judge, and to timely respond to Defendant's motion to dismiss.  Thus, on August 11, 2017,

11  Magistrate Judge Nathanael Cousins ordered Plaintiff to "show cause why the action should not be

12  dismissed for failure to prosecute" and to "consent[] to or declin[e] the jurisdiction of a magistrate

13  judge" by August 25, 2017.  ECF No. 9.  Plaintiff failed to timely respond to Judge Cousins's

14  August 11, 2017 order to show cause.  On August 28, 2017, Judge Cousins requested that this case

15  be randomly reassigned to a District Court Judge and recommended "that the newly assigned

16  judge dismiss this case unless [Plaintiff] demonstrates an interest in pursuing his case."  ECF No.

17  10 at 1.

18    The next day, on August 29, 2017, this case was reassigned to this Court.  ECF No. 11.  On

19  September 7, 2017, within the 14-day period for Plaintiff to file objections to Judge Cousins's

20  recommendation, a letter from Plaintiff dated September 3, 2017 was filed.  ECF No. 13.  In the

21  letter, Plaintiff (1) asked this Court not to dismiss his case; (2) stated that Plaintiff could not

22  respond to Judge Cousins's August 11, 2017 order to show cause by the August 25, 2017 deadline

23  because Plaintiff did not receive the order to show cause until August 30, 2017; and (3) requested

24  "this case [] be returned to" Santa Clara County Superior Court.  ECF No. 13.  Because Plaintiff's

25  letter "demonstrate[d] an interest in pursuing his case," this Court declined to adopt Judge

26

27  [1] Exhibit 1 to Defendant's Notice of Removal states that service of process on Defendant was completed on June 22, 2017.  ECF No. 1-1 at 2.

28

Cousins's recommendation to dismiss Plaintiff's case for failure to prosecute. ECF No. 14 at 2.

Subsequently, on September 13, 2017, Defendant filed a "Reply to Plaintiff's September 3, 2017 Letter." ECF No. 15. On September 28, 2017, Plaintiff filed a "Response" to Defendant's reply. ECF No. 19.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)).

## III. DISCUSSION

Federal courts "are obligated to consider sua sponte whether [they] have subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004). This "independent obligation" exists "even if the issue is neglected by the parties." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir.2004). Here, Plaintiff has not filed a motion to remand, but has requested in his September 3, 2017 letter to the Court that "this case [] be returned to" Santa Clara County Superior Court. ECF No. 13. The Court concludes, for the reasons stated below, that it lacks subject matter jurisdiction over this action. Accordingly, the Court must remand this action

1    to Santa Clara County Superior Court and deny as moot Defendant's motion to dismiss.

2    **A.  Subject Matter Jurisdiction**

3        Defendant removed this case from state court on the basis of federal question jurisdiction.

4    Notice of Removal at 2.  For the Court to have federal question jurisdiction over a complaint, the

5    complaint must arise under federal law.  28 U.S.C. § 1331.  Generally speaking, "[a] cause of

6    action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of

7    federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  "The well-

8    pleaded complaint rule is the basic principle marking the boundaries of the federal question

9    jurisdiction of the federal district courts." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)

10   (internal quotation marks omitted).  Plaintiff's FAC, like Plaintiff's Complaint, asserts only state

11   law claims.  Generally, a complaint that asserts only state law claims does not arise under federal

12   law. *Id.*

13       Here, Plaintiff's Complaint asserts only one claim against Defendant—a state law cause of

14   action for violation of Cal. Ins. Code § 10277(b).  However, Defendant argues that Plaintiff's state

15   law claim is completely preempted by the Employee Retirement Income Security Act ("ERISA")

16   of 1974, and cites 29 U.S.C. § 1132(a).  Notice of Removal at 3.  In rare circumstances, "Congress

17   may so completely pre-empt a particular area [of law]" that a state law claim arising from this area

18   of law "is necessarily federal in character." *Met. Life Ins.*, 481 U.S. at 63–64.  Thus, a completely

19   preempted state law claim inherently arises under federal law, conferring federal question

20   jurisdiction and allowing removal from state court to federal court.  The Court thus considers

21   whether Plaintiff's state law cause of action for violation of Cal. Ins. Code § 10277(b) is

22   completely preempted by ERISA under 29 U.S.C. § 1132(a).

23       ERISA is a "comprehensive legislative scheme" intended to protect the interests of

24   participants in employee benefit plans and their beneficiaries. *Aetna Health Inc. v. Davila*, 542

25   U.S. 200, 208 (2004).  One distinctive feature of ERISA is the integrated enforcement mechanism

26   provided under 29 U.S.C. § 1132(a), which provides ten "carefully integrated civil enforcement

27   provisions." *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)).  Congress

28
4
Case No. 17-CV-04098-LHK
ORDER SUA SPONTE REMANDING CASE AND DENYING AS MOOT MOTION TO DISMISS

1    "clearly manifested an intent to completely preempt causes of action within the scope of §

2    1132(a), thereby making such causes of action removable to federal court." *Met. Life Ins.*, 481

3    U.S. at 66.

4         Under *Davila*, however, a state law cause of action is completely preempted under 29

5    U.S.C. § 1132(a) only "if (1) 'an individual, at some point in time, could have brought [the] claim

6    under [§ 1132(a)(1)(B)],' and (2) 'where there is no other independent legal duty that is implicated

7    by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941,

8    946 (9th Cir. 2009) (alteration in original) (quoting *Davila*, 542 U.S. at 210). Because *Davila*'s

9    two-pronged test is stated "in the conjunctive," a state law cause of action is preempted "only if

10   both prongs of the test are satisfied." *Id.* at 947.

11        At a minimum, here, the second prong is not satisfied. As in *Marin General Hospital*,

12   Plaintiff's claim does not "rely on, and [is] independent of, any duty under an ERISA plan." 581

13   F.3d at 949. Again, Plaintiff asserts that Defendant violated Cal. Ins. Code § 10277(b). Section

14   10277(b) states that if a "group health insurance policy . . . provides that coverage of a dependent

15   child of an employee or other member of the covered group" will terminate when the dependent

16   child reaches a "limiting age . . . specified in the policy," the insurer "shall notify the employee or

17   member" of such coverage termination "at least 90 days prior to the date the child attains the

18   limiting age." Cal. Ins. Code § 10277(a)–(b). Thus, § 10277(b) creates "some other independent

19   legal duty beyond that imposed by" Plaintiff's insurance policy with Defendant—namely, a duty

20   to provide advance notice of certain coverage terminations. *Marin Gen. Hosp.*, 581 F.3d at 949.

21   As a result, Plaintiff's claim "based on that duty is not completely preempted under [29 U.S.C. §

22   1132(a)]."

23        In its Notice of Removal and "Reply to Plaintiff's September 3, 2017 Letter," Defendant

24   characterizes Plaintiff's action as a "claim for [] benefits" and "essentially" a claim "for improper

25   denial of Plan benefits." Notice of Removal at 2; ECF No. 15 at 4. The Court disagrees with

26   Defendant's characterization of Plaintiff's claim. Although it is true that Plaintiff appears to seek

27   damages in an amount equal to certain benefits provided by the insurance policy that Defendant

28
                                                      5
     Case No. 17-CV-04098-LHK
     ORDER SUA SPONTE REMANDING CASE AND DENYING AS MOOT MOTION TO DISMISS

1    issued, *see* ECF No. 1-1 at 4, Plaintiff does not assert that he is entitled to those damages because

2    Defendant improperly denied benefits under the insurance policy and therefore breached a duty

3    imposed by the policy.  Instead, Plaintiff alleges that he is entitled to those damages because

4    Defendant breached a statutory duty that was independent of any duty imposed by the insurance

5    policy.  As the Ninth Circuit explained in *Marin General Hospital*, under *Davila*'s second prong,

6    "we ask only whether 'there is no other independent legal duty that is implicated' by a defendant's

7    actions.  We do not ask whether that legal duty provides for a similar remedy, such as the payment

8    of money."  581 F.3d at 950 (quoting *Davila*, 542 U.S. at 210).  Thus, the fact that Plaintiff seeks a

9    remedy similar to what one would seek in a claim for breach of insurance contract has no bearing

10   on whether the second prong of *Davila* is met in this case.  Instead, the fact that Plaintiff's claim is

11   based on a statutory duty that is independent of any duties imposed by the insurance policy

12   demonstrates that *Davila*'s second prong has not been satisfied.

13        Accordingly, the Court finds that Defendant has not carried its burden to show that

14   Plaintiff's complaint arises under federal law.  As there is no original federal jurisdiction under 28

15   U.S.C. § 1331, removal jurisdiction was improperly exercised and the action must be remanded to

16   state court.  28 U.S.C. § 1447(c).

17       **B.  Motion to Dismiss**

18        As the Court lacks subject matter jurisdiction over this action, the Court must deny as moot

19   Defendant's motion to dismiss.  *See Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d

20   1113, 1116 (N.D. Cal. 2002) (explaining that a "court's decision to remand renders moot [a

21   defendant's] motion to dismiss").

22   **IV.    CONCLUSION**

23        For the foregoing reasons, the Court hereby ORDERS that this case be remanded to Santa

24   Clara County Superior Court for lack of subject matter jurisdiction.  The Court also DENIES as

25   moot Defendant's motion to dismiss.

26   **IT IS SO ORDERED.**

27

28
                                              6
     Case No. 17-CV-04098-LHK
     ORDER SUA SPONTE REMANDING CASE AND DENYING AS MOOT MOTION TO DISMISS

Dated: October 24, 2017

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

7